## Philadelphia Welfare Rights Organization v. Georges

*Douglas G. Dye, Jonathan M. Stein, Harvey N. Schmidt, Community Legal Services, Inc., Phila., Thomas K. Gilhool* and *Dilworth, Paxson, Kalish, Kohn & Levy,* for plaintiffs.

*Joseph P. Work* and *Jacques H. Fox,* for defendant.

CALDWELL, J., September 2, 1970.—This is an action by which plaintiffs seek a mandatory injunction compelling the Philadelphia County Board of Assistance (county board) to hold open meetings, in

accordance with the Act of June 21, 1957, P. L. 392, 65 PS §251, et seq., popularly known as the "Right-To-Know Law." The matter is before us on defendants' motion for judgment on the pleadings.

The complaint alleges, among other things, that the county board's meetings are not publicized and the public is excluded from attendance at said meetings. These facts are admitted, and defendants counter by asserting that they are not required to hold public meetings and that the county board is acting properly. The only question for us to resolve is whether the county board is subject to the provisions of the "Right-To-Know Law," supra. We have reviewed the meager case law developed under this act and note that this is a case of first impression.

The so-called "Right-To-Know Law" requires that "Every public meeting of a *board* shall be open to the public": 65 PS §252. The act specifically defines the term "board," and, in order to prevail, plaintiffs must show that the county board falls within the definition. The term "board" is defined as including certain specified governmental bodies[1] and as encompassing: ". . . [the governing body of] any State or municipal authority or similar organization created by, or pursuant to, a statute which declares, in substance, that such organization performs or has for its purpose the performance of an essential governmental function *and* that its bonds shall not pledge the faith or credit or be obligations of the Commonwealth or of any political subdivision": 65 PS §251(a). (Italics supplied.)

We believe it is clear that in order for the general definition of "board" to apply, the following must both appear:

---

[1] County commissioners, city, borough or town councils, township supervisors, school boards, the governing body of the Pennsylvania Turnpike Commission.

1) The unit must be a "State or municipal *authority or similar organization*" and,

2) It must have been created by or pursuant to a statute "which declares, in substance, that such organization performs . . . an essential governmental function *and* that its bonds shall not pledge the faith and/or credit . . . of the Commonwealth . . ."

In our opinion, any other conclusion would render the statutory definition ambiguous and/or meaningless.

It is common knowledge that an authority is the basic quasi-public entity whose obligations do not bind the Commonwealth or local political subdivision. It is also well recognized that State and municipal authorities are part of the fabric of Pennsylvania government and, in our view, are the primary bodies to which the general definition of "board" was intended to apply.[2]

The word "and" in the general definition of "board" is used as a coordinating conjunction which links both clauses of the definition. In accordance with the Statutory Construction Act, a word such as "and" is to be construed according to the rules of grammar and according to its common and approved usage. See 46 PS §533. Consequently, the "Right-To-Know"

---

[2] According to the Department of Community Affairs, there are approximately 1,815 existing authorities that were created under either the Municipality Authorities Act, 53 PS §301, or the Parking Authority Law, 53 PS §341. Many other State and county authorities have been authorized or created by the legislature, i.e., Second Class County Authority Act, Urban Redevelopment Authority Act, Public Auditorium Authorities Law, General State Authority Act of 1949, State Highway and Bridge Authority Act, Housing Authorities Law, Pennsylvania Industrial Development Authority Act, Metropolitan Transportation Authority Act, Pennsylvania Higher Educational Facilities Authority Act, Pennsylvania Transportation Assistance Authorities Act, etc.

774

Act would exclude by implication any "board" whose legal existence does not include *both* of the legislative declarations set forth in the definition.

County assistance boards are now provided for by the Act of June 13, 1967, P. L. 31, sec. 415, 62 PS §415, et seq. It is plain that the boards established by this law do not meet the statutory definition of a "board" under the "Right-To-Know Law." In the first instance, they are not *authorities or similar organizations*. While it could be argued that in some sense they may perform a governmental function, they are clearly not creatures of a statute that declares ". . . that its bonds shall not pledge the faith or credit . . . of the Commonwealth . . ." County boards of assistance have no capacity to issue bonds or other evidence of indebtedness and are not "boards" under the "Right-To-Know Law."

We conclude that the so-called "Right-To-Know Law" does not apply to the county board, and we enter the following

DECREE NISI

And now, September 2, 1970, judgment on the pleadings is granted in favor of defendants. The prothonotary shall notify all parties or their attorneys of the filing hereof.

This decree shall become a final decree in accordance with Rule 1519 of the Pennsylvania Rules of Civil Procedure.